UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM OSWALD GUZMAN RAMIREZ, et al., | Case No. 5:26-cv-01980-MWF-SSC |
| Petitioners, | MEMORANDUM AND ORDER GRANTING UNOPPOSED HABEAS PETITION |
| v. | |
| TODD BLANCHE, et al., | |
| Respondents. | |

Petitioners William Oswald Guzman Ramirez and Josseline Catalina Turcios-Galiacho de Guzman are citizens of Guatemala currently detained by Immigration and Customs Enforcement (ICE) at facilities in Adelanto, California within this judicial district. (ECF 1 at 3–4.) They were detained in December 2025 at an ICE check-in and have not received bond hearings. (*Id.*)

Petitioners allege[1] that prior to their recent detention, they were briefly detained by ICE in October 2023 when they entered the country. (*Id.* at 2.) Both were released the same month on their own recognizance, Turcios following a credible fear interview. (*Id.* at 2.)

---

[1] Because Respondents have provided no information about Petitioners, all facts contained herein are taken directly from the petition unless otherwise noted.

They assert that ICE determined that they were not flight risks or dangers to the community at that time.  (*Id.*)  They claim that they have complied with the conditions of their release and have no criminal history.  (*Id.* at 3.)

The Department of Homeland Security has since filed notices to appear commencing removal proceedings against both Petitioners.  (*Id.* at 3.)  Petitioners applied for asylum.  (*Id.*)  In December 2025—the same month they were re-detained—their applications were pretermitted, and they were ordered removed from the United States.  (*Id.*)  Petitioners timely appealed the orders to the Board of Immigration Appeals, and the appeals remain pending.  (*Id.*)

Petitioners seek release from custody arguing that their re-detention violated due process protections and was an unlawful arrest.  (*Id.* at 9–16.)  Further, they ask the Court to enjoin Respondents from re-detaining Petitioners unless their re-detention is ordered at a custody hearing before a neutral arbiter in which the government bears the burden of proving, by clear and convincing evidence, that Petitioners are a flight risk or danger to the community.[2]  (*Id.* at 17.)

Respondents filed an answer to the petition stating that "Respondents [are] not presenting an opposition argument at this time" and further that "consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or

---

[2] Petitioner also seek attorney's fees and costs.  To recover prevailing-party fees under the Equal Access to Justice Act, counsel must file a separate motion for such fees within thirty days of final judgment in the action.  *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

proceedings will be necessary in this matter." (ECF 7 at 2.) The Court thus construes the relief requested in the § 2241 petition as unopposed.

So construed, the petition is GRANTED. Petitioners are ordered released from ICE custody immediately and under appropriate conditions of supervision. Absent a final order of removal, Respondents are enjoined from re-detaining Petitioners unless their re-detention is ordered at a custody hearing before a neutral arbiter in which the government bears the burden of proving, by clear and convincing evidence, that Petitioners are a flight risk or danger to the community. Judgment will be entered accordingly.

IT IS SO ORDERED.

Dated: May 7, 2026

_____
MICHAEL W. FITZGERALD
United States District Judge

Presented by:

_____
STEPHANIE S. CHRISTENSEN
United States Magistrate Judge

3